IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**UNITED STATES OF AMERICA**

v.  **CRIMINAL NO. 2:14-CR-41-KS-MTP**

**RONALD LEE FORD**

### ORDER

On December 15, 2014, Defendant plead guilty to conspiracy to possess more than 500 grams of cocaine hydrochloride with intent to distribute, in violation of 21 U.S.C. § 846. On May 18, 2015, the Court sentenced him to 200 months of imprisonment followed by five years of supervised release. On May 26, 2020 – after serving less than half of his sentence – Defendant filed a Motion for Compassionate Release [67] pursuant to 18 U.S.C. § 3582(c)(1)(A) because of the COVID-19 pandemic. The Government opposes the motion.

Under 18 U.S.C. § 3582, the Court may reduce a term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A). Defendant has the burden of demonstrating that he meets the requirements for compassionate release. *United States v. Whirl*, 2020 WL 3883656, at *1 (S.D. Miss. July 9, 2020).

1

The Sentencing Commission's guidelines provide, in relevant part, that the Court may reduce a term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if (1) "[e]xtraordinary and compelling reasons warrant the reduction;" (2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "[t]he reduction is consistent with this policy statement." U.S. SENTENCING GUIDELINES MANUAL § 1B1.13. The Sentencing Commission's application notes provide that an "extraordinary and compelling reason" exists if "[t]he defendant is suffering from a terminal illness . . . ." U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n. 1(A)(i). Likewise, the standard is met if:

> The defendant is
>
> > (I) suffering from a serious physical or medical condition,
> >
> > (II) suffering from a serious function or cognitive impairment, or
> >
> > (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n. 1(A)(ii). The notes also provide that certain circumstances related to the defendant's age and family circumstances can meet the standard. U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n. 1(B)-(C).

Defendant is currently incarcerated in Memphis FCI in Memphis, Tennesseee.

He alleges that as of June 19, 2020, at least 6 inmates and 6 staff at the facility have "active" cases of COVID-19. He argues that he is at high-risk of illness or death from COVID-19 because he is forty-seven years old and suffers from Type II diabetes and hypertension. He also argues that he is unable to effectively avoid exposure to the virus because of the conditions of confinement in the facility. Finally, Defendant argues that he would not be a danger to the safety of any other person or the community if released, due to his age and his completion of a GED and education courses while incarcerated.

First, the Court finds that Defendant has not demonstrated that there is an "extraordinary and compelling" reason to reduce his term of imprisonment. Defendant's diabetes and hypertension are neither terminal illnesses nor "serious physical or medical condition[s] . . . that substantially diminish[] [his] ability . . . to provide self-care within the environment of a correction facility and from which he . . . is not expected to recover." *See* U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n. 1(A). Courts in this Circuit have found that defendants who are not suffering from a terminal illness, serious physical or medical condition that diminishes their ability to care for themselves, serious functional or cognitive impairment, or deteriorating physical or mental health because of aging do not meet the standard imposed by the Sentencing Commission's policy statements. *See, e.g. United States v. Takewell*, 2020 WL 4043060, at *3 (W.D. La. July 17, 2020); *United States v. Washington*, 2020 WL 4000862, at *5 (E.D. La. July 15, 2020); *United States v. Clark*, 2020 WL 1557397, at

3

*4 (M.D. La. Apr. 1, 2020); *United States v. Vasquez*, 2020 WL 3000709, at *3 (S.D. Tex. June 2, 2020); *United States v. Johnson*, 2020 WL 3962284, at *3 (S.D. Tex. July 13, 2020); *United States v. Dodd*, 2020 WL 3893695, at *4 (E.D. Tex. July 10, 2020); *United States v. Reeves*, 2020 WL 3895282, at *3 (N.D. Tex. July 10, 2020); *Whirl*, 2020 WL 3883656 at *3. As this Court has stated, "[p]reexisting medical conditions that place a defendant at increased risk for serious illness from COVID-19 are not in and of themselves sufficient to establish extraordinary and compelling reasons justifying a reduction in sentence." *United States v. McLin*, 2020 WL 3803919, at *3 (S.D. Miss. July 7, 2020).

Moreover, "general concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence . . . ." *Takewell*, 2020 WL 404360 at *4. "[T]he mere existence of COVID-19 in society" and, consequently, the prison system "cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020) (citing BOP's COVID-19 Action Plan).

The Court also finds that Defendant has not demonstrated that he would not be a danger to the safety of any other person or to the community if released. According to Defendant's presentence report [59], he was a known drug trafficker in Hattiesburg, Mississippi. In August 2014, Defendant's coconspirator, Qwanish Young, left Defendant's house carrying 0.318 kilograms of cocaine. Law enforcement

4

agents stopped her, discovered the cocaine, and executed a search warrant on Defendant's home. When the agents entered Defendant's home, he pointed a loaded Taurus 410/.45 caliber handgun at them. Agents recovered a second firearm, a Sig Sauer SP2022 .40 caliber handgun in Defendant's garage. They also found a stolen 2007 Mercedes S550 at the residence. Defendant admitted that his drug supplier was on the way to pick up proceeds from Defendant's sales. Defendant eventually admitted to investigators that he had purchased at least 71 kilograms of cocaine from the supplier. Defendant was ultimately sentenced as a career criminal and an organizer or leader of the subject drug trafficking conspiracy.

In addition to the criminal conduct which led to Defendant's current incarceration, he has prior convictions for passing bad checks, malicious mischief, possession of a controlled substance, domestic violence/simple assault, and possession of a controlled substance with the intent to distribute. Nothing in the record leads the Court to believe that Defendant would deviate from his pattern of criminal conduct if granted early release.

In summary, the Court certainly takes the COVID-19 pandemic seriously, but it "cannot release every prisoner at risk of contracting COVID-19 because the Court would then be obligated to release every prisoner." *United States v. Koons*, 2020 WL 1940570, at *4 (W.D. La. Apr. 21, 2020). As noted above, "[g]eneral concerns about the spread of COVID-19 or the mere fear of contracting an illness in prison are insufficient grounds to establish the extraordinary and compelling reasons necessary

5

to reduce a sentence." *Id.* at *5. For all the reasons provided above, the Court **denies** Defendant's Motion for Compassionate Release [67].

SO ORDERED AND ADJUDGED this 23rd day of July, 2020.

>     /s/    Keith Starrett
> KEITH STARRETT
> UNITED STATES DISTRICT JUDGE